1  ARNOLD P. PETER (SBN 120091)
   RICK R. SMITH (SBN 232908)
2  LAYLA Z. SUMMERS (SBN 249897)
   RASKIN PETER RUBIN & SIMON LLP
3  1801 Century Park East, Suite 2300
   Los Angeles, California 90067-2325
4  Telephone: (310) 277-0010
   Facsimile: (310) 277-1980
5  apeter@raskinpeter.com

6  Attorneys for Plaintiff
   SENN MOSES

7
   J. KEVIN LILLY, Bar No. 119981
8  E-mail: klilly@littler.com
   HEATHER M. DAVIS, Bar No. 239372
9  E-mail: hdavis@littler.com
   LITTLER MENDELSON
10 A Professional Corporation
   2049 Century Park East, 5th Floor
11 Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
12 Facsimile: 310.553.5583

13 Attorneys for Defendants The Nielsen
   Company (US), Inc. Career Transition
14 Plan and The Administrative Committee
   of the Nielsen Company (US), Inc.
15 Career Transition Plan

FILED
CLERK, U.S. DISTRICT COURT
AUG - 7 2008
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENN MOSES, | Case No. CV 07 4137 ODW (SSx) |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | DEPT: 23 |
| THE NIELSEN COMPANY, INC., A CORPORATION (FORMERLY VNU, INC., A CORPORATION), AND DOES 1 THROUGH 20, INCLUSIVE,, | |
| Defendants. | |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

## I. GOOD CAUSE STATEMENT FOR STIPULATION AND PROTECTIVE ORDER

It is the purpose of this Stipulation for Protective Order to allow the parties in the above-captioned matter to have reasonable access to information from the other parties, while providing all parties and third-parties with a means for limiting access to, and disclosure of, confidential proprietary information that is produced in this action in discovery. Specifically, as noted by this Court on July 3, 2008, Defendants agreed to provide Plaintiff with a summary of enhanced salary continuation benefits provided to participants under The Nielsen Company (US), Inc. Career Transition Plan for Nielsen Media and Measurement and Nielsen Business Media for those individuals working in Vice President or higher position from 2003 through the present ("Summary") under a protective order. This information is CONFIDENTIAL – ATTORNEYS' EYES ONLY for which disclosure is likely to have the effect of causing harm to Plaintiffs or Defendants, or person from whom the information was obtained, or to the parties' or third-parties' privacy. This "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information also includes private information pertaining to Defendants' employees, for which the parties and any third party have a duty to maintain confidentiality. For those reasons the parties hereby agree as follows:

## II. DEFINITIONS

1. <u>Party</u>. "PARTY" means any of the parties to the above-captioned action, their affiliates, and their respective officers, directors, and employees.

2. <u>Counsel</u>. "COUNSEL" means:

    a. Littler Mendelson, a Professional Corporation, and its respective support staff, and other employees who are not employed by a Party, but to whom it is necessary to disclose Protected Material for the purpose of this action;

    b. Raskin, Peter, Rubin & Simon LLP, and its respective

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

2.

support staff, and other employees who are not employed by a Party, but to whom it is necessary to disclose Protected Material for the purpose of this action;

3. <u>Confidential or Confidential Information or Confidential Material</u>. For the purposes of this Protective Order, "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of Defendants The Nielsen Company (US), Inc., The Administrative Committee of The Nielsen Company (US), Inc. Career Transition Plan and The Nielsen Company, (US), Inc. Career Transition Plan ("CTP"), (collectively "Defendants"); or 2) any third parties specifically relating to the Summary.

### III.   DESIGNATION OF PROTECTED INFORMATION

4. In connection with discovery proceedings in this action, the Parties may reasonably designate any appropriate document, thing, material, testimony or other information derived therefrom, as CONFIDENTIAL – ATTORNEYS' EYES ONLY information relating to the Summary under the terms of this protective order. By designating a document, thing, material, testimony, or other information derived therefrom as CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the party making the designation is certifying to the Court that there is a good-faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

5. Confidential documents shall be so designated by stamping each page of the document produced to a party with the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Stamping the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information on the face of a CD-ROM, DVD, or other computer disk or electronic storage devise shall designate all contents therein as CONFIDENTIAL – ATTORNEYS' EYES ONLY information, unless otherwise

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

3.

indicated by the producing party.

6. Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. However, Defendants reserve the right to object and do not waive the right to object, to the use of any documents produced through discovery for any purpose, including but not limited to summary judgment or trial.

7. CONFIDENTIAL – ATTORNEYS' EYES ONLY information produced pursuant to this Protective Order may be disclosed or made available only to: Counsel for a Party (including the paralegal, clerical, and secretarial staff employed by such Counsel); and the Qualified Persons designated below:

    a. a party, or an officer, director, or employee of a party deemed necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

    b. experts or consultants (together with their clerical staff) retained by such Counsel to assist in the prosecution, defense, or settlement of this action, which experts and consultants shall not be employees of any party or under contract with any party (except any retention agreement relating to such experts or consultants as experts or consultants in this action);

    c. court reporter(s) employed in this action;

    d. a witness at any deposition or other proceeding in this action who created or received such CONFIDENTIAL – ATTORNEYS' EYES ONLY information; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

4.

    e. any other person as to whom the parties in writing agree.

  Prior to receiving any CONFIDENTIAL – ATTORNEYS' EYES ONLY information, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A hereto prior to receiving any CONFIDENTIAL – ATTORNEYS' EYES ONLY information. The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such CONFIDENTIAL – ATTORNEYS' EYES ONLY information to the Qualified Person.

  8. CONFIDENTIAL– ATTORNEYS' EYES ONLY information shall only be disclosed to the Court, to Counsel for the parties (and the paralegal, clerical, and secretarial staff employed by such Counsel), and to the Qualified Persons identified in paragraph 7(b) through (e), but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or ordered. If disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY materials is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

  9. Where testimony at a deposition involves disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY information, such deposition shall be taken only in the presence of the individuals identified in paragraph 7.

  10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own CONFIDENTIAL – ATTORNEYS' EYES ONLY information as it deems appropriate; provided, however, if a party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that party shall continue to adhere to such confidentiality obligations. Nothing in this Protective Order shall be deemed to restrict in any way any party's own documents or information, or the party's attorneys with respect to that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

5.

party's own documents or information.

11. If a party wishes to file documents with the Court which have been designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information by another party or third party pursuant to this Protective Order, the party seeking to file such documents with the Court must file an application to file these documents under seal with the judge and show good cause in compliance with Local Rule 79-5.1 to the judge.

12. In the event that any CONFIDENTIAL – ATTORNEYS' EYES ONLY information, designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, is used in any Court proceeding in this action, it shall not lose its CONFIDENTIAL – ATTORNEYS' EYES ONLY status through such use, and the party using such CONFIDENTIAL – ATTORNEYS' EYES ONLY information, shall take all reasonable steps to maintain its confidentiality during such use.

13. This Protective Order shall be without prejudice to the rights of the parties or any other third party (a) to bring before the Court at any time the question of whether any particular document or information is CONFIDENTIAL – ATTORNEYS' EYES ONLY or whether its use should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

14. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any party or any third party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or any third

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

6.

1 party or the absence thereof.

2     15. This Court will not enter a protective order that extends beyond the commencement of trial unless a party shows good cause as to why such order should be entered. Therefore, should a party seek to use any CONFIDENTIAL – ATTORNEYS' EYES ONLY information at trial, that party must first apply for and obtain a protective order from this Court before the commencement of trial that this Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, Counsel for the parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Dated: August 1, 2008

_____
HEATHER M. DAVIS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant The Administrative Committee of The Nielsen Company (US), Inc. Career Transition Plan and The Nielsen Company, (US), Inc. Career Transition Plan

Dated: August 1, 2008

_____
RICK R. SMITH
RASKIN PETER RUBIN & SIMON LLP
Attorneys for Plaintiff Senn Moses

IT IS SO ORDERED.
DATED: 8/7/08

_____
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:85811304.5 043781.1016

7.

# Attachment A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation and Protective Order entered in <u>Moses v. Nielsen et al.</u>, United States District Court for the Central District of California, Civil Action No. CV07-4137 ODW (SSx) and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Dated: _____

_____

Name:_____

Address:_____

_____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308